UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SAMMEON LEONARD LEWIS,<br>Plaintiff,<br>v.<br>LUECK, *et al*.,<br>Defendants. | Case No. 2:25-cv-01994-APG-EJY<br>**ORDER** |

Before the Court is a flurry of recent filings by the parties. Specifically, the Court has before it Plaintiff's Motion to Enter Official Capacity Claim (ECF No. 54), Plaintiff's Motion of Opposition to Sergeant Lueck's Initial Disclosure (ECF No. 55), Plaintiff's Motion for Enter/Issue Interrogatories to Defendant "Lueck" Relevant to the Claims in this Case (ECF No. 56), Defendant's status report in response to the Court's October 19 Minute Order (ECF No. 51), and Defendant's Motion to Seal (ECF No. 53).

Plaintiff's Motion to Enter Official Capacity Claims seeks to add claims against Sheriff Kevin McMahill and Governor Joe Lombardo in their official capacity. ECF No. 54. As explained by the Court on October 19, 2026, Plaintiff must file a proposed amended complaint when he seeks to amend his complaint. ECF No. 49 ("Plaintiff did not file a proposed amended complaint with the motion. This is a violation of Local Rule 15-1(a)."). Accordingly, for the reasons stated in the October 19 Minute Order, Plaintiff's Motion to Enter Official Capacity Claims (ECF No. 54) is DENIED.

Plaintiff's Opposition to Sergeant Lueck's Initial Disclosure chides opposing counsel for filing his initial disclosures as an exhibit to a response he filed to one of Plaintiff's Motion for Issuance of a Subpoena. ECF No. 55. While it is true that discovery, including initial disclosures, should not be filed on the docket, it is unclear to the Court what relief Plaintiff is seeking. To the extent he is seeking to have the Court strike this exhibit as improperly filed, the Court finds the relief unwarranted as the filing was offered not as discovery, but as support for his response to Plaintiff's

Motions for Issuance of a Subpoena. *See* ECF No. 43. Plaintiff's Motion of Opposition (ECF No. 55) is DENIED.

Plaintiff's Motion for Enter/Issue Interrogatories to Defendant "Lueck" Relevant to the Claims in this Case seeks to have the Court issue interrogatories because Plaintiff does not trust Defendant or his counsel. ECF No. 56. However, "the Court does not conduct discovery on behalf of parties." *Barr v. Ryan*, Case No. CV-14-08060-PCT-GMS (ESW), 2016 WL 7407245, at *1 (D. Ariz. Dec. 22, 2016) (collecting cases); *see Pliler v. Ford*, 542 U.S. 225, 231 (2004) (federal "judges have no obligation to act as counsel or paralegal to *pro se* litigants"). Instead, Plaintiff must strive to work with opposing counsel to pursue discovery. If, after following the rules of procedure that Plaintiff is bound, even as a pro se litigant,[1] he has a basis to believe that relevant and proportional information is being withheld, he may file a motion to compel. The Court reminds Plaintiff he must exhaust meet and confer efforts before filing a motion. LR 26-6(c). Because the Court will not engage in discovery on Plaintiff's behalf, his Motion for Enter/Issue Interrogatories (ECF No. 56) is DENIED.

The Court also notes that Plaintiff has filed six motions with the Court in the past week. ECF Nos. 45, 46, 47, 54, 55, 56. Plaintiff is advised that he must work to comply with the Federal Rules of Civil Procedure, the District of Nevada's Local Rules, and the Court's prior Orders. In discovery, litigants "should strive to be cooperative, practical and sensible, and should seek judicial intervention 'only in extraordinary situations that implicate truly significant interests.'" *Cardoza v. Bloomin' Brands, Inc.*, 141 F.Supp.3d 1137, 1145 (D. Nev. 2015) (quoting *In re Convergent Techs. Securities Litig.,* 108 F.R.D. 328, 331 (N.D. Cal. 1985)). The Court understands that Plaintiff is incarcerated and pro se, but his status does not excuse him from the rules that apply to all litigants appearing before the Court.

Turning to Defendant's submissions, his status report (ECF No. 51) was filed in compliance with the Court's October 19, 2026 minute Order (ECF No. 49). There, the Court ordered Defendant to advise the Court of (1) whether the body camera footage at issue in Plaintiff's filings with the

---

[1] *See e.g. King v Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v Maricopa Cnty*, 693 F. 3d 896 (9th Cir 2012).

Court exists, and (2) if the video exists, whether it had been produced to Plaintiff. ECF No. 49. Defendant was further asked to lodge the video under seal with the Court to the extent it existed. *Id*. Defendant's status report submits the video was produced to Plaintiff on September 21, 2026 as part of Defendant's Initial Disclosures. ECF No. 51 at 1-2. Defendant also filed a link to the video under seal with the Court. ECF No. 52.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Enter Official Capacity Claim (ECF No. 54) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion of Opposition to Sergeant Lueck's Initial Disclosure (ECF No. 55) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Enter/Issue Interrogatories to Defendant "Lueck" Relevant to the Claims in this Case (ECF No. 56) is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion to Seal (ECF No. 53) is GRANTED.

IT IS FURTHER ORDERED that Exhibit A, containing a link to the video at issue (ECF No. 52), is and will remain sealed.

Dated this 21st day of October, 2026.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE